IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| In re:  VERILINK CORPORATION, et al., | ) | |
| | ) | Bankruptcy Nos. 06-80566-JAC-11 |
| Debtor. | ) | and 06-80567-JAC-11 (Jointly |
| | ) | Administered) |
| | ) | A.P. No. 08-80072-JAC |
| DARRYL S. LADDIN, as the Trustee of the Liquidating Trust of the Estate of Verilink Corporation and Larscom, Inc., | ) ) ) ) | |
| Appellant, | ) | CIVIL ACTION NO. 10-G-0163-NE |
| | ) | |
| v. | ) | |
| | ) | |
| POWELL GOLDSTEIN LLP, | ) | |
| | ) | |
| Appellee. | ) | |

## **MEMORANDUM OPINION**

This cause is before the court on appeal from an order entered by the United States Bankruptcy Court for the Northern District of Alabama, Northeastern Division, in an adversary proceeding in the chapter 11 bankruptcy case of Verilink Corporation, dismissing Appellant's second amended complaint.  The court has jurisdiction pursuant to 28 U.S.C. § 158.

### **STANDARD OF REVIEW**

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions de novo.  The district court must

accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996). Moreover, the court reviews de novo the granting "of a motion to dismiss under 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). In order to survive a motion to dismiss for failure to state a claim upon which relief can be granted, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 550; see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

## PROCEDURAL HISTORY

Appellant is Darryl S. Laddin, as the Trustee of the Liquidating Trust of the Estate of Verilink Corporation and Larscom, Inc., (hereinafter "Laddin," "Plaintiff," or "Appellant"). Appellee is Powell Goldstein LLP, (hereinafter "Powell Goldstein," "Defendant," or "Appellee"). This is the second time Laddin has sought review of a dismissal of a complaint against Powell Goldstein. On April 9, 2009, the bankruptcy court, Hon. Jack Caddell, issued a decision dismissing Plaintiff's First Amended Complaint and denying his Motion for Leave to Amend. That decision is reported at 408 B.R. 420 (Bkrtcy.N.D.Ala. 2009). The Plaintiff appealed that decision to the United

2

States District Court for the Northern District of Alabama, Hon. Robert B. Propst.  Judge

Propst issued a decision which succinctly details the procedural history of the case to that

point:

> Verilink Corporation ("Verilink") and Larscom, Inc. ("Larscom") filed separate petitions for reorganization under Chapter 11 of the Bankruptcy Code on April 9, 2006. Verilink and Larscom sought joint administration of their petitions which the Bankruptcy Court granted. Verilink filed a second Amended Joint Plan of Reorganization (the "Plan") on December 7, 2006. On January 31, 2007, the bankruptcy court confirmed the Plan, which became effective on February 13, 2007. Under the Plan, Appellant Laddin was named Trustee of the Liquidating Trust.
>
> On April 8, 2008, Appellant brought an adversary action against former directors and officers of Verilink for breach of fiduciary duty and other claims. The Appellant and the defendants agreed jointly to extend the date for responsive pleadings until 30 days after an amended complaint was filed. The deadline for filing the amended complaint was extended by the bankruptcy court until September 29, 2008. Responsive pleadings were due to be filed 45 days after that. Discovery was not to commence until November 15, 2008.
>
> After filing the complaint, Appellant sought documents from Powell Goldstein, LLP, which was not originally a defendant, regarding the claims against Verilink's officers and directors. Powell Goldstein served as counsel to Verilink during its acquisition of Larscom, Inc. (the "Larscom Transaction"), which closed on July 28, 2004, and it possessed Verilink corporate documents, including board minutes. In addition to representing Verilink in the Larscom transaction, Powell Goldstein also has served as Verilink's counsel during its bankruptcy proceedings.
>
> Appellant filed his Amended Complaint on September 29, 2008 and sought leave to correct this amended complaint, which was granted on October 30, 2008. This Corrected Amended Complaint added Powell Goldstein as a defendant for pre-petition claims based on its alleged breaches of fiduciary duties, malpractice, civil conspiracy, and aiding and abetting breaches of fiduciary duties. These claims were based on Powell Goldstein's representation of Verilink during the Larscom Transaction.

> On December 17, 2008, Powell Goldstein moved to dismiss the Corrected Amended Complaint on the grounds that the claims asserted against it were time barred by the statute of limitations and of repose under Alabama law. Appellant responded on January 30, 2009 by arguing that Powell Goldstein's fraudulent concealment of its role in the Larscom Transaction tolled the limitations/repose period. Appellant also attached two affidavits to his response which stated that Powell Goldstein was fraudulently obstructionist and dilatory in providing the Appellant with Verilink's corporate documents because the documents Appellant sought inculpated Powell Goldstein in the directors' and officers' allegedly tortious conduct. Appellant also communicated his intent to file for leave to further amend the complaint, which he did on February 12, 2009. This attempted amendment sought to allege facts as to Powell Goldstein's alleged fraudulent concealment of its alleged malfeasance, and it also sought to bring additional claims against Powell Goldstein for conflicts of interest, professional malpractice, and fraudulent concealment arising from Powell Goldstein's conduct during its representation of Verilink in the bankruptcy proceedings.
>
> The bankruptcy court heard argument on March 24, 2009 on both Powell Goldstein's Motion to Dismiss and Appellant's Motion for Leave to Amend. The court granted the Motion to Dismiss, denied the Motion for Leave to Amend, and entered a written order to these effects on April 9, 2009. This order is the subject of the instant appeal which was timely filed and is now properly before this Court. [footnote omitted].

<u>In re Verilink Corp. (Laddin v. Powell Goldstein LLP)</u>, 410 B.R. 697, 699-700, (N.D.Ala. 2009).  In that appeal, the district court reversed the denial of the Plaintiff's Motion for Leave to Amend and remanded the case for the bankruptcy court to determine whether the Alabama Legal Services Liability Act, §§ 6-5-570 to 581, Ala. Code (1975) (the "ALSLA"), applies to Powell Goldstein, "and, if not, what the effect will be on limitation issues."  410 B.R. at 705(footnote omitted) The district court held, "If the ALSLA is applicable to Powell Goldstein, this court agrees that the pre-petition claims are time

barred." Id. at 703.  The district court went on to state, "This court agrees that Delaware law does not apply." Id. n.4.  Judge Propst also found "as a matter of law, the claims in Appellant's proposed Second Amended Complaint, to the extent they are post-petition claims against Powell Goldstein that arise from conduct during the bankruptcy proceedings, are not time barred by the ALSLA." Id. At 704.  However, the district court did "not, in any way, suggest the merits of any claims in the proposed amendment." Id. at 705.

On August 27, 2009, the bankruptcy court entered an order deeming Plaintiff's Second Amended Complaint[1] filed as of August 21, 2009.  On September 21, 2009, Powell Goldstein filed its Motion to Dismiss Plaintiff's Second Amended Complaint, claiming that the pre-petition claims are time-barred under the ALSLA, and that the post-petition claims should be dismissed because the Plaintiff failed to alleged legally sufficient damages to support the post-petition claims.  On December 3, 2009, the bankruptcy court entered its decision granting Powell Goldstein's Motion to Dismiss Plaintiff's Second Amended Complaint.[2]  Laddin appealed that decision, which is now properly before this court.

## DISCUSSION

I.  *The bankruptcy court's conclusion that the ALSLA applies to Powell Goldstein as a law firm composed of members who are licensed to practice*

---

[1] The Second Amended Complaint contains both pre-petition claims and post-petition claims.

[2] The bankruptcy court's decision is reported at 2009 WL 4609308 (Bkrtcy.N.D.Ala. 2009).

5

> *law in the state of Alabama and that pursuant to Alabama's four-year statute of repose under § 6-5-574, Code of Alabama (1975), the Plaintiff's pre-petition claims against Powell Goldstein are time-barred*

In its decision, in order to accept all of the facts alleged in the complaint as true, the bankruptcy court set out in its findings of facts "verbatim limited portions of the facts and allegations contained in plaintiff's Second Amended Complaint as relevant to Powell Goldstein." 2009 WL 4609308 at 2-11.  The bankruptcy court then concluded that the ALSLA applies to Powell Goldstein because it "is a law firm composed of attorneys who are licensed to practice law in Alabama and plaintiff's pre-petition claims arise out of Verilink's receipt of corporate legal services Powell Goldstein performed in Alabama." Id. at 11.  The bankruptcy court continued:

> After a thorough examination of the relevant sections of the act, codified at Ala. Code §§ 6-5-570 to 581, and the applicable case law interpreting same, the Court firmly believes that the ALSLA applies to Powell Goldstein's conduct under the circumstances of this case where there was an attorney client relationship between Powell Goldstein and Verilink, the injury to the plaintiff occurred in Alabama where Verilink was headquartered a the relevant time; Powell Goldstein is composed of members who are licensed to practice law in Alabama; and Powell Goldstein served as general and corporate counsel to Verilink at all times relevant to the pre-petition claims.

Id. at 12.

The court has carefully reviewed the bankruptcy court's analysis and reasons for finding that the ALSLA applies to Powell Goldstein and, therefore, that the Plaintiff's pre-petition claims against Powell Goldstein should be dismissed as time-barred.  The court adopts the bankruptcy court's reasoning here, and finds that proper

legal standards were applied in reaching that decision.

> II.   *The bankruptcy court's conclusion that 11 U.S.C. § 108(a) cannot be equitably tolled to provide Plaintiff with additional time to file his pre-petition claims against Powell Goldstein where the applicable statue of repose expired after § 108's two year extension period expired*

The bankruptcy court also found that 11 U.S.C. § 108(a) cannot be tolled to provide Plaintiff with additional time to file pre-petition claims against Powell Goldstein where the applicable statute of repose expired after § 108's two year extension period expired:

> Turning to the plain statutory text of § 108(a), the Court does not believe that equitable tolling would be consistent with the text of the statute, which provides that the trustee may commence such actions that the debtor could have commenced under applicable nonbankruptcy law if the period for commencing the action did not expire before the petition date "only before the later of – (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) two years after the order for relief.[footnote omitted] Subsection (a)(1) incorporates "any rule regarding tolling of statutes of limitation that would govern under applicable nonbankruptcy law."[footnote omitted] Because the statute already provides for an extension of time in circumstances under which state law would suspend or toll the running of the statute of limitations under § 108(a)(1), the Court finds that there is no reason to further expand the two year limitations period provided by § 108(a)(2), especially where applicable nonbankruptcy law provided the longer period for bringing suit under § 108(a)(1).  The extension period under § 108(a)(2) was not even applicable in this case because § 108(a)(1) provided the longer period for filing suit, hence, there is nothing to toll.  Further, the plaintiff's equitable tolling argument basically seeks an extension of an extension which must be denied.

2009 WL 4609308 at 20.

The court has carefully reviewed the bankruptcy court's analysis and

7

reasons for finding that equitable tolling does not apply to § 108 in these circumstances, and therefore, that the Plaintiff's pre-petition claims against Powell Goldstein should be dismissed as time-barred. Likewise, the court adopts the bankruptcy court's reasoning here, and finds that proper legal standards were applied in reaching that decision.

III.     *The bankruptcy court's conclusion that although Plaintiff's post-petition claims are not time-barred, Powell Goldstein's motion to dismiss the post-petition claims is due to be granted because Plaintiff has not alleged legally sufficient damages to support the post-petition claims*

In the previous appeal to the district court, Judge Propst found that:

> the bankruptcy court erred as a matter of law in determining that the proposed post-petition claims are time-barred. Appellant's alleged claims, while tangentially related to the Larscom Transaction, arise separately and independently of that event. Appellant alleges that Powell Goldstein – through its representation of Verilink *during the bankruptcy proceedings* – had an ongoing conflict of interest, and was guilty of malpractice and fraudulent concealment as to its role in the Larscom Transaction. If the Alabama Legal Services Liability Act controls any post-petition claims brought against Powell Goldstein . . . . the ALSLA provides a two-year statute of limitations, a six month savings provision (as well as the two year savings provision provided in Ala. Code § 6-2-3 for fraudulent concealment), and an absolute statute of repose of four years. Ala. Code § 6-5-574. Causes of action against legal service providers accrue from the date of the occurrence of the tortious act or omission. *Ex Parte Panell*, 756 So.2d 862, 868 (Ala. 1999). Appellant's proposed Second Amended Complaint seeks to add claims against Powell Goldstein for its conduct during the bankruptcy proceedings which began April 9, 2006. Assuming *arguendo* this is when the post-petition claims accrued, the two-year statute of limitations period would have run on April 9, 2008. However, the two-year savings provision of Ala. Code § 6-2-3 would apply here (at least for purpose of futility) because of the allegations that Powell Goldstein fraudulently concealed its alleged malfeasance. [citation omitted]. While it is true that the ALSLA creates an absolute bar to any action commenced after four years of accrual, that date would be April 9, 2010, at the earliest, and therefore is inapplicable here. Thus, as a matter of law, the claims in

8

> Appellant's proposed Second Amended Complaint, to the extent they are post-petition claims against Powell Goldstein that arise from conduct during the bankruptcy proceedings, are not time barred by the ALSLA.

410 B.R. at 703-04. (emphasis supplied)

Despite the district court's holding that Appellant's alleged post-petition claims arise separately and independently of the alleged actions which are the basis of the pre-petition claims, the bankruptcy court held that the post-petition claims were "due to be dismissed as a matter of law because plaintiff has not alleged legally sufficient damages to support the post-petition claims." 2009 WL 4609308 at 23. The bankruptcy court elaborated:

> Essentially, plaintiff contends that Powell Goldstein's alleged post-petition malpractice cause plaintiff to lose the ability to assert a timely malpractice claim against Powell Goldstein in connection with the 2004 Larscom transaction and to recover damages for diminution in Verilink's fair value resulting from the pre-petition Larscom acquisition which this Court has determined is time-barred by Alabama's four year statute of repose.

Id. The bankruptcy court cited the case of Price v. Ragland, 966 So.2d 246 (Ala. 2007), "for the proposition that the element of damages is lacking in this case." 2009 WL 4609308 at 21.

> Under *Price*, the plaintiff's claims for damages based on the diminution in Verilink's fair market value are not proximately related to any injury within the statutory period that resulted from Powell Goldstein's malpractice during the bankruptcy case. Accordingly, the Court finds that although the plaintiff's post-petition claims are timely, same are due to be dismissed as a matter of law because plaintiff has not alleged legally sufficient damages to support the post-petition claims. Plaintiff's failure to allege any new or independent injury as a result of Powell Goldstein's alleged post-petition malpractice which occurred inside the statutory period for filing an action

9

mandates dismissal.

2009 WL 4609308 at 23.

Appellant argues that the bankruptcy court erred in summarily finding that the post-petition claims be dismissed because legally sufficient damages were not alleged:

> Despite unsubstantiated asides to the contrary, Plaintiff has marked out clearly from the outset the different claims, the different damages, and the different elements of causation here. The pre-petition claims are for transaction misconduct. The post-petition claims are for bankruptcy misconduct. The pre-petition claims seek damages proximately caused by the wrongful transaction. The post-petition claims seek damages proximately caused by inducing the statute of limitations to expire.

[Appellant's Reply Brief at 12]. This court agrees. In dismissing the post-petition claims, the bankruptcy court committed two errors.

First, the bankruptcy court erred in holding that the Plaintiff had failed to allege any new or independent injury as a result of Powell Goldstein's alleged post-petition malpractice.[3] The post-petition claims are contained in paragraphs 244 through 279 of the Plaintiff's Second Amended Complaint. [Appellant's Designation 89]. The allegations contained in those 35 paragraphs, while referencing Powell Goldstein's representation of the pre-petition Debtor during the Larscom transaction, detail the law firm's alleged misconduct during its representation of the Debtor after the bankruptcy petition was filed. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face..'

---

[3]Again, Judge Propst held that the post-petition claims, "while tangentially related to the Larscom Transaction, arise separately and independently of that event." 41 B.R. at 703.

[citation omitted] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  The allegations contained in the post-petition claims state plausible claims for relief which survive a motion to dismiss.

The bankruptcy court also stated that "the plaintiff's claims for damages based on the diminution in Verilink's fair market value are not proximately related to any injury within the statutory period that resulted from Powell Goldstein's malpractice during the bankruptcy case."  2009 WL 4609308 at 23.  While it is true that Plaintiff's claims related to Verilink's diminution are time-barred, those claims still must be considered in determining the measure of damages from the post-petition claims.  The Alabama Supreme Court, in discussing Whitley v. Chamouris, 265 Va. 9, 574 S.E.2d 251 (2003), has accepted that the valuation of the underlying claims is the proper way to measure damages in cases involving alleged negligence or malpractice by attorneys:

> *Whitley* recognizes that a legal-malpractice case "involves a 'case within the case.'" 265 Va. At 11, 547 S.E.2d at 252.  Both the plaintiff and the defendant are entitled to present evidence that would have been presented in the underlying action.  In addition, the defendant is entitled to assert defenses that would have been presented in the underlying action. *Id*. Section 6-5-579(b), Ala.Code 1975, contemplates this "case within the case" concept: "In defense of the underlying action, the legal services provider may assert any and all substantive and procedural defense, restriction, limitation, or immunity which could have the effect of limiting, mitigating, reducing, or avoiding liability or damages."

Valentine v. Watters, 896 So.2d 385, 394 n.5 (Ala. 2004).

11

The bankruptcy court erred in equating the proximate cause of the damages sought in the pre-petition claims to the proximate cause of the damages sought in the post-petition claims. The fallacy in the bankruptcy court's logic can be explained by the following:  Suppose that instead of Powell Goldstein, the Debtor was represented by a hypothetical law firm, "XYZ ," in the bankruptcy case.  Suppose further that XYZ had engaged in the same conduct against the Debtor as alleged in the post-petition claims, e.g., that <u>during the bankruptcy case</u>, XYZ had given the Debtor wrong advice, failed to provide advice, and withheld and concealed information related to Powell Goldstein's representation during the Larscom transaction, causing the statute of limitations to expire. The Trustee would have claims against XYZ for its misconduct, and in order to establish the damages for its post-petition claims, would have to necessarily determine the value of the cause of action it lost because XYZ allowed or caused the statute of limitations to expire.  With this hypothetical in mind, it is clear that the allegations contained in the post-petition claims arise separately and independently of the Larscom transaction, as do the proximate causes of the damages sought.[4]

Therefore, the decision of the bankruptcy court to dismiss the Plaintiff's post-petition claims against Powell Goldstein will be reversed.

---

[4]While the allegations in the post-petition claims are sufficient to survive the motion to dismiss, the court in no way comments on the merits of the allegations.

## CONCLUSION

For the reasons stated above, the bankruptcy court's dismissal of the Plaintiff's pre-petition claims based on the ALSLA and 11 U.S.C. § 108 is hereby AFFIRMED.  The bankruptcy court's dismissal of the Plaintiff's post-petition claims is hereby REVERSED, and this case is REMANDED to the bankruptcy court for further proceedings consistent with this opinion.

DONE and ORDERED 29 September 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.